Julianna Rivera Maul (SBN 290955)
The Law Office of Julianna Rivera
420 3rd St., Ste 200
Oakland, CA 94067
Tel: 510-473-2141

Matt Adams*
Aaron Korthuis*
Northwest Immigrant Rights Project
615 2nd Ave, Ste 400
Seattle, WA 98104
Tel: 206-957-8611

*Pro hac vice applications forthcoming

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R.G. and M.A.R.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:22-cv-5183<br><br>**MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER** |

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 1
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# INTRODUCTION

Plaintiffs J.R.G. and M.A.R. respectfully move for an order allowing them to proceed using their initials in this matter and for entry of a protective order protecting their identity. Plaintiffs are a mother and daughter who entered this country in May 2018 seeking asylum, but who were separated at the border pursuant to the U.S. government's policy of forcibly taking refugee children from their parents. Pursuant to this policy, Plaintiff J.R.G. and her daughter M.A.R. were forcibly separated for over ten months, and as set forth in the Complaint. Notably, the trauma Plaintiffs and other refugee families suffered was not an incidental byproduct of the government's policy. It was the very point. The U.S. government *sought* to inflict extreme emotional distress and other harms to deter parents and children from seeking asylum in this country. Through this action, Plaintiffs seek damages under the Federal Tort Claim Act (FTCA) for the harms inflicted upon them by government officials.

Given the serious and sensitive nature of the trauma experienced by J.R.G. and M.A.R., and given the risk to both J.R.G. and M.A.R.'s family of harassment and retaliation, Plaintiffs respectfully request leave to proceed pseudonymously. Plaintiffs will disclose their identities to government counsel who appear in this case. However, public disclosure of their identity is neither necessary nor warranted. Plaintiffs should not be required to expose themselves to retaliation, public vitriol, or further harm to vindicate their legal rights.

# ARGUMENT

The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See*, *e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). In the Ninth Circuit, courts "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 2
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

from harassment, injury, ridicule or personal embarrassment.'" *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir.2000). To determine whether proceeding anonymously is appropriate, "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII*, 214 F.3d at 1068. Accordingly, "a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (alteration in original) (quoting *Does I thru XXIII*, 214 F.3d at 1068).

Consistent with *Does I thru XXIII* and other Ninth Circuit precedent, courts have regularly permitted parties to proceed pseudonymously in similar FTCA family separation cases. *See, e.g.*, *C.M. v United States*, No. 19-cv-05217-SRB, ECF No. 7 (D. Ariz. Sept. 23, 2019); *E.L.A. v. United States*, No. 20-cv-1524-RAJ, ECF No. 24 (W.D. Wash. Apr. 21, 2021); *P.G. v. United States*, No. 4:21-cv-04457, ECF No. 12 (N.D. Cal. Jun. 17, 2021). In this case too, the factors weigh in favor of granting Plaintiffs' motion.

**1. The Litigation Concerns Information of a Sensitive and Highly Personal Nature.**

This case arises from the forcible and traumatic separation of Plaintiffs by Defendant's employees. Plaintiffs' claims necessarily focus on the substantial psychological and emotional trauma they suffered—and continue to suffer—as a result of the separation, as well as Defendant's subsequent refusal to provide Plaintiffs with information about each other's whereabouts and failure to reunite them for months. The litigation will thus require disclosure of

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 3
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

their private mental and physical health information. Such health information is highly personal, and disclosure of such information could lead to stigma and further trauma for Plaintiffs. *See, e.g.*, *J.J. v. Olympia Sch. Dist.*, No. C16-5060 BHS, 2016 WL 3597784, at *2 (W.D. Wash. July 5, 2016) (permitting plaintiff to proceed under initials in light of probable embarrassment, social stigma, and significant psychological harm); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing plaintiff to proceed anonymously where litigation involved "the emotional and psychological impact of being a victim of human trafficking").

Moreover, J.R.G. is a noncitizen who has obtained asylum in the United States, and M.A.R. has applied to receive asylee status based on J.R.G's receipt of that status. The federal government prohibits disclosure of the identity of asylum seekers and asylees without their consent, recognizing that such people or their family members may face harm if an asylee's name is disclosed. *See* 8 C.F.R. § 208.6; *cf.* Fed. R. Civ. P. 5.2(c) (limiting remote access to case files in cases actions involving "immigration benefits or detention"). Indeed, U.S. Citizenship and Immigration Services (USCIS) has recognized that

> [p]ublic disclosure of asylum-related information may subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin. Moreover, public disclosure might, albeit in some limited circumstances, give rise to a plausible protection claim where one would not otherwise exist by bringing an otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment.

USCIS Asylum Division, Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants at 2 (Oct. 18, 2012), https://www.uscis.gov/sites/default/files/document/fact-sheets/Asylum-ConfidentialityFactSheet.pdf. This reality provides a second strong reason to allow Plaintiffs to proceed using their initials.

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 4
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Permitting both Plaintiffs to proceed under pseudonyms will also ensure that the child plaintiff, M.A.R., remains protected in accordance with Federal Rule of Civil Procedure 5.2(a). Rule 5.2(a) recognizes the importance of protecting the privacy of minors and thus requires redaction of their names in public filings. Protecting the privacy of J.R.G.'s child is especially critical here, given the highly sensitive and personal subject matter at issue. Plaintiffs' claims are based in substantial part on the abuse and harm M.A.R. suffered as a result of being separated from her mother, and the Complaint details the ensuing mental health conditions M.A.R. continues to grapple with. *See* Compl. ¶¶ 70–75. Revealing J.R.G.'s identity risks exposing enough information to allow members of the public, media, or others to uncover her minor child M.A.R.'s full name, thereby undermining the objectives of Rule 5.2(a).

Finally, Plaintiffs' reasonably fear harassment in the United States. The U.S. government's policy of separating families at the border has been the focus of significant public interest, press attention, and controversy.

**2.      There Is No Risk of Prejudice to Defendant.**

The crux of this lawsuit is Defendant's liability for the harm Plaintiffs suffered as a direct result of the family separation policy. As other courts have found, where the plaintiff's identity is not itself a material fact in the lawsuit, allowing a plaintiff to proceed anonymously causes no prejudice. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (citing *Doe v. Del Rio*, 241 F.R.D. 2d 154, 157 (S.D.N.Y. 2006) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.")).

Moreover, Plaintiffs previously identified themselves to the relevant U.S. government agencies in their May 19, 2020, Notification of Incident and Claim for Damages Under the Federal Tort Claims Act, *see* Compl. ¶ 9, and when Defendant's counsel appears in this case,

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 5
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Plaintiffs will promptly provide counsel with their true identities. For this additional reason, allowing Plaintiffs to proceed under pseudonyms will not unfairly prejudice Defendant.

### 3. Allowing Plaintiffs to Proceed Under Pseudonyms is in the Public Interest.

Where the defendant is either a government entity or official, courts routinely count the public interest factor as weighing in favor of leave to proceed under a pseudonym. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* The ramifications of forcing Plaintiffs to reveal their identities publicly to pursue their claims arising from government misconduct would be sweeping and would limit access to the courts for any citizen with a legitimate fear of mistreatment or retaliation by the government. The public interest therefore weighs in favor of allowing Plaintiffs to proceed using a pseudonym.

### CONCLUSION

To require Plaintiffs to disclose their identities publicly risks further traumatizing Plaintiffs and puts them and their family members at risk of harassment and persecution. Conversely, by pursuing this case under a pseudonym, J.R.G. and M.A.R. will be able to vindicate their rights without precluding Defendant from being able to litigate this case or detracting from the public's ability to appreciate the issues at stake. Plaintiffs therefore respectfully request that this Court grant the Motion and enter Plaintiffs' proposed protective order.

DATED this 12th day of September, 2022.

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 6
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Respectfully submitted,

*s/ Matt Adams*  
Matt Adams, WSBA No. 28287*

*s/ Aaron Korthuis*  
Aaron Korthuis, WSBA No. 53974*

**NORTHWEST IMMIGRANT RIGHTS PROJECT**  
615 Second Avenue, Suite 400  
Seattle, Washington 98104  
Tel: +1.206.957.8611  
Fax: +1.206.587.4025  
matt@nwirp.org  
aaron@nwirp.org

* *Pro hac vice* application forthcoming

*s/ Julianna Rivera Maul*  
Julianna Rivera Maul, SBN 290955

**THE LAW OFFICE OF JULIANNA RIVERA**  
420 3rd Street, Ste 200  
Oakland, CA 94607  
Tel: +1.510.473.2141  
Fax: +1.510.500.9804  
julianna@juliannariveralaw.com

*Counsel for Plaintiffs J.R.G. and M.A.R.*

PLS.' MOT. TO PROCEED  
UNDER PSEUDONYMS – 7  
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT  
615 Second Avenue, Suite 400  
Seattle, WA 98104  
Tel. (206) 957-8611

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, I electronically filed the foregoing document and accompanying proposed order with the Clerk of the Court using the CM/ECF system. I further certify that I will mail Defendant United States of America a copy of this document and the accompanying proposed order via certified, first-class mail.

Dated: September 12, 2022

<u>/s/Julianna Rivera Maul</u>
Julianna Rivera Maul, SBN 290955
**THE LAW OFFICE OF JULIANNA RIVERA**
420 3rd Street, Ste 200
Oakland, CA 94607
 Tel: +1.510.473.2141
 Fax: +1.510.500.9804
 julianna@juliannariveralaw.com

PLS.' MOT. TO PROCEED
UNDER PSEUDONYMS – 8
Case No. 4:22-cv-5183

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611