ISMAIL RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
Assistant United States Attorney
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    Facsimile: (415) 436-7169
    Kenneth.Brakebill@usdoj.gov

Attorneys for the United States of America

Julianna Rivera Maul (SBN 290955)
The Law Office of Julianna Rivera
420 3rd St., Ste 200
Oakland, CA 94067
Tel: 510-473-2141

Matt Adams*
Aaron Korthuis*
Glenda Aldan Madrid*
Leila Kang*
Northwest Immigrant Rights Project
615 2nd Ave, Ste 400
Seattle, WA 98104
Tel: 206-957-8611

*Admitted pro hac vice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J.R.G., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 4:22-cv-05183-KAW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

Plaintiffs bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq. There are no issues regarding personal jurisdiction, venue, or service, known at this time. Defendant has been served.

Defendant asserts that the Court lacks subject-matter jurisdiction for the reason that Congress has not waived the federal government's sovereign immunity from claims for money damages in the circumstances presented in this case.

**2. Facts**

Plaintiffs' Statement:

Plaintiffs are a mother and daughter separated shortly after entering the United States in May 2018 who are proceeding in this case under their initials, J.R.G. and M.A.R. ECF No. 1 ¶¶ 18–25. Around a day after entering, Customs and Border Protection (CBP) officers separated Plaintiffs, claiming they would soon be reunited. *Id.* ¶ 20. The family would not be reunited for another ten months. *Id.* ¶ 25.

Plaintiffs' separation occurred pursuant to Defendant's Zero Tolerance Policy. *Id.* ¶ 36. The Zero Tolerance Policy "was a pretext or cover for the goal of carrying out the widespread separations of Central American parents and children along the southern border." *Id.* ¶ 38. The goal of the policy was "to separate families and to deter asylum seekers." *Id.* Under the Zero Tolerance Policy, a parent would typically be prosecuted for the crime of illegal entry under 8 U.S.C. § 1325 shortly after their entry. In most cases, the parent would be sentenced to time served, and spend a day or two in criminal custody. *Id.* ¶ 39. Defendant's employees used this brief interval to designate a child "unaccompanied" and would take the child away to be placed in the custody of the Office of Refugee Resettlement. *Id.* ¶¶ 40, 44, 46. The resulting separation often lasted months, creating lasting emotional harm.

That is what Plaintiffs experienced here. J.R.G. was in federal criminal custody for less than two days, yet during that time, her daughter M.A.R. was taken away and they would not see each other again for nearly a year. *Id.* ¶¶ 25, 42–46. That separation inflicted significant, lasting emotional harm on both J.R.G. and M.A.R. *Id.* ¶ 58–63, 71–76. Plaintiffs were not reunited until March 2019. *Id.* ¶ 73.

Defendant's Statement:

Defendant admits that in 2018, the United States implemented a Zero-Tolerance policy which directed federal prosecutors along the Southwest border "to the extent practicable, and in consultation with DHS, to adopt immediately a zero-tolerance policy for all offenses referred for prosecution under

section 1325(a)." Defendant further admits that on May 4, 2018, Secretary Nielsen approved Option 3 - to refer all amenable adults who unlawfully cross the Southwest border for criminal prosecution - of the DHS Referral Memorandum entitled "Increasing Prosecutions of Immigration Violations." Defendant further admits that some families were separated at the United States–Mexico border during the Zero-Tolerance policy, and some children were classified as Unaccompanied Children ("UCs") and referred to the Office of Refugee Resettlement ("ORR") for placement with an ORR-funded care provider. Defendant contends that federal law required that children be placed into ORR custody once the children were classified as UCs. Defendant denies that the Zero-Tolerance policy was to intentionally separate asylum-seeking parents and children at the nation's southern border or to cause families emotional harm. Defendant admits that the Plaintiff adult and child in this action were separated.

3. **Legal Issues**

Plaintiffs have asserted three causes of action under Texas law: (1) intentional infliction of emotional distress, (2) abuse of process, and (3) wrongful child abduction. Plaintiffs have alleged that they suffered extreme and lasting emotional harm because of Defendants' actions. Defendant denies that Plaintiffs are entitled to the requested relief and asserts various defenses, including that Plaintiffs' claims are barred to the extent that they are based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty.

The parties believe the Court may be called upon to resolve a number of legal issues, including but not limited to: (1) whether Defendant intentionally inflicted emotional distress upon Plaintiffs; (2) whether Defendant abused judicial process in the conduct of proceedings against Plaintiffs; (3) whether Defendant committed wrongful child abduction; (4) whether Plaintiffs' claims are barred by the discretionary function exception to the FTCA; (5) whether Plaintiffs' claims are barred by the FTCA's exception for actions taken while reasonably executing the law; and (6) whether Plaintiffs' claims are barred because the challenged government actions have no private-person analogue.

4. **Motions**

On December 5, 2022, Defendants filed a motion to transfer and dismiss this case. ECF No. 20. The Court denied the motion on April 11, 2023. There are no other pending motions.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05183-KAW

3

**5. Amendment to Pleadings**

The parties do not anticipate any amendments to the Complaint.

**6. Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties have met and conferred as part of their Rule 26 obligations and agreed as follows.

First, the parties will have an initial disclosure exchange on June 9, 2023.

Second, the parties agreed to a 90-day document disclosure period ("90-Day Disclosure Period"), commencing on the date of the Court's initial case management conference, during which the parties will make rolling document disclosures. During the 90-Day Disclosure Period, Defendant will produce: (1) Common Discovery, defined to be all documents that it disclosed or otherwise produced in *A.P.F. et al. v. United States*, Civil Action No. 20-cv-00065-PHX-SRB (D. Ariz.), and *C.M. v. United States*, Civil Action No. 19-cv-05217-PHX SRB (D. Ariz.), that are not specific to the plaintiffs in those two actions, and (2) documents that specifically relate to Plaintiffs in this case. Plaintiffs will produce documents specifically relating to their allegations in this case. The aforementioned documents that the parties agree to produce include the following topics:

Documents to be produced by Defendant:

- The creation, development and implementation of the Zero-Tolerance policy (with particular emphasis on application of the Zero-Tolerance policy to adults traveling with family units)

- Designation of children as UCs when being separated from a parent while in Border Patrol custody

- ORR placement of UCs after being separated from a parent while in Border Patrol custody

- Tracking of UCs and establishing communication with parents after being separated while in Border Patrol custody

- Policies or procedures of CBP, ICE and HHS concerning separation, detention during separation, or reunification

- Each Plaintiff's "Alien File" ("A-File") existing as of the date of its disclosure for purposes of this 90-day document disclosure period (subject to one additional updated disclosure prior to the close of fact discovery, if relevant)

- Plaintiffs' I-213s, CBP subject activity logs, and any transfer or detention records

- For M.A.R., her ORR custody records and all records made by ORR contractors regarding her time in custody

Documents to be produced by Plaintiffs:

- Any records received or maintained by each Plaintiff concerning her respective apprehensions, detentions, separations, reunifications and injuries therefrom, including but not limited to journals, diaries or similar writings/drawings

- Medical and mental health records of each Plaintiff concerning her alleged emotional distress or other injuries, including any documents concerning counseling, therapy or doctor visits, treatment through other service providers, medication, prescriptions, and any billing or receipts

- Any transcripts, report cards, or similar educational records for MAR since her release from ORR custody

- Any records documenting employment, paid or unpaid work or any volunteer activities of JRG since her release from ICE custody at the end of March 2019

- Any written correspondence or records relating to contact between Plaintiffs while JRG was in custody

The parties agree to effectuate service of disclosures, discovery responses and document productions electronically between counsel of record for the parties, with any documents exchanged bearing unique bates-stamping numbering on each page. Documents produced from the *CM* and *APF* litigations will bear the original bates-stamping from productions in those cases.

8. **Discovery**

In their Rule 26(f) meet and confer, the parties discussed the subject of discovery and made the following agreements.

First, the parties agreed upon a discovery plan involving a close of fact discovery in approximately 15 months, to be followed by a period for expert discovery and then dispositive motions. The parties have agreed to the specific discovery schedule listed in Section 16 below.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05183-KAW

1  Second, the parties agreed that the time period to serve written and/or other discovery under the Federal Rules of Civil Procedure shall commence the day following completion of the 90-Day Disclosure Period. The parties' agreement to the 90-Day Disclosure Period shall not prejudice any party's right to propound discovery requests, nor shall participation in the 90-Day Disclosure Period relieve any party of its obligations under the Federal Rules of Civil Procedure.

Third, the parties discussed the entry of an appropriate protective order that would permit the parties to make the document disclosures and discovery contemplated by their plan. The parties plan to utilize the same protective order provisions that were entered in *Wilbur P.G. v. United States*, 4:21-cv-04457-KAW, which is currently pending in this district. That protective order was entered by the Court on September 7, 2022 after several months of negotiation by the parties in that action and a subsequent unopposed administrative motion for protective order relief brought by the United States explained the reasons for the modifications to the Model Protective Order for the Northern District of California. *See Wilbur P.G. v. United States*, 4:21-cv-04457-KAW, ECF Nos. 54, 58. With the Court's permission, the parties in this case propose to file a joint administrative motion for protective order relief seeking entry of the same substantive protective order for use in this action.  The parties also propose to file the same stipulated Federal Rule of Evidence 502(d) Order that was entered by the Court in the *Wilbur P.G.* case. *Wilbur P.G. v. United States*, 4:21-cv-04457-KAW, ECF No. 59.

Finally, the parties have discussed securing HIPAA releases from Plaintiffs for their medical and mental-health records, to make the discovery process more efficient for the parties and Plaintiffs' health-care providers.

**9. Class Actions**

Not applicable.

**10. Related Cases**

Defendant provides this list of pending cases that arise out of separations of non-citizen families at the U.S-Mexico border in 2017 or 2018: *C.M. v. United States*, No. 2:19-cv-05217 (D. Ariz.); *A.P.F. et al. v. United States*, No. CV20-00065-PHX-SRB (D. Ariz.); *D.A. v. United States*, No. 20-cv-3082 (N.D. Ill.); *A.E.S.E. v. United States*, No. 2:21-cv-00569 (D. N.M.); *A.F.P. v. United States*, No. 21-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05183-KAW

00548 (E.D. Cal.); *Arredondo Rodriguez v. United States*, No. 2:22-cv-02845-JLS (C.D. Cal.); *B.A.D.J. v. United States*, No. 2:21-cv-00215 (D. Ariz.); *B.Y.C.C. v. United States*, No. 3:22-cv-06587 (D. N.J.); *C.D.A. v. United States*, No. 5:21-cv-00469 (E.D. Pa.); *C.M. - D.V. v. United States*, No. 5:21-cv-00234 (W.D. Tex.); *D.A. v. United States*, No. 3:22-cv-00295 (W.D. Tex.); *D.J.C.V. v. United States*, No. 1:20-cv-05747 (S.D.N.Y.); *E.C.B. v. United States*, 2:22-cv-00915 (D. Ariz.); *Eduardo I.T. v. United States*, 4:22-cv-05333 (N.D. Cal.); *E.L.A. v. United States*, No. 2:20-cv-1524 (W.D. Wash); *E.S.M. v. United States*, No. 4:21-cv-00029 (D. Ariz.); *F.C.C. v. United States*, No. 2:22-cv-05057 (E.D.N.Y.); *Flores Benitez v. United States*, No. 3:22-cv-00884 (D. Conn.); *F.R. v. United States*, No. 2:21-cv-00339 (D. Ariz.); *Fuentes-Ortega v. United States*, No. 2:22-cv-0449 (D. Ariz.); *Gonzales de Zuniga v. United States*, No. 2:23-cv-00162 (D. N.M.); *J.A.L.C. v. United States*, No. 3:22-cv-06587 (D. N.J.); *J.P. v. United States*, No. 2:22-cv-00683 (D. Ariz.); *J.R.G. v. United States*, 4:22-cv-5183 (N.D. Cal.); *K.O. v. United States*, No. 1:20-cv-12015 (D. Mass); *Leticia v. United States*, No. 22-cv-75027 (E.D.N.Y.); *M.A.N.H. v. United States*, No. 5:23-cv-00372 (C.D. Cal.); *M.M.C. v. United States*, No. 1:23-cv-00158 (D. R.I.); *M.S.E. v. United States*, No. 2:22-cv-01242 (D. Ariz.); *Nunez Euceda v. United States*, No. 2:20-cv-10793 (C.D. Cal.); *P.G. v. United States*, 21-cv-04457 (E.D. Cal.); *R.J.P. v. United States*, No. 3:22-cv-06588 (D. N.J.); *R.Y.M.R. v. United States*, No. 1:20-cv-23598 (S.D. Fla.); *S.E.B.M. v. United States*, No. 1:21-cv-00095 (D.N.M.); *Selvin Caal v. United States*, No. 1:23-cv-00598 (N.D. Ill.); *S.M.F. v. United States*, No. 2:22-cv-01193 (W.D. Wa.); *W.P.V. v. United States*, No. 1:21-cv-04436 (S.D.N.Y.); *A.I.I.L. v. Sessions et al.*, No. 4:19-cv-00481-SHR (D. Ariz.).

**11. Relief Sought**

Plaintiffs' Complaint seeks the following relief: compensatory damages and "[s]uch other and further relief as the Court deems just and appropriate." The basis for the damages is the extreme and intentional emotional harm that Defendant's employees inflicted upon them, which Plaintiffs have described in their complaint. ECF No. 1 ¶¶ 53–85.

**12. Settlement and ADR**

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05183-KAW

In 2021, the government engaged in negotiations to globally settle district court cases and pending administrative tort claims arising from family separations at the U.S.-Mexico border. Neither the Plaintiffs in this case nor their counsel were part of those negotiations. No settlement was reached.

In their Rule 26(f) conference, the parties discussed the possibility of an ADR event. Defendants believe it would be premature to hold any ADR event until at least after the completion of fact discovery, medical examinations of Plaintiffs, expert discovery and briefing of summary judgment motions.

**13. Other References**

None.

**14. Narrowing of Issues**

The parties agreed to meet and confer as necessary to narrow the issues in this case.

**15. Expedited Trial Procedure**

None suggested at this time.

**16. Scheduling**

The parties have discussed and agreed – subject to the Court's availability and discretion – upon the discovery and dispositive motions schedule listed in the table below:

| Event | Proposed Deadlines |
| --- | --- |
| Exchange of Initial Disclosures | June 9, 2023 |
| Completion of 90-day disclosure period | August 14, 2023 |
| Close of Fact Discovery (including deadline for completion of independent medical examinations of Plaintiffs) | August 16, 2024 |
| Initial Expert Disclosures | September 30, 2024 |
| Rebuttal Expert Disclosures | November 14, 2024 |
| Close of Expert Discovery | December 19, 2024 |
| Filing of Summary Judgment Motions | January 23, 2025 |

| | |
|---|---|
| Filing of Summary Judgment Oppositions | February 25, 2025 |
| Filing of Replies in Support of Summary Judgment Motions | March 25, 2025 |
| Hearing on Summary Judgment Motions | April 17, 2025 |

The parties propose the following as to the pre-trial and trial scheduling:

| Event | Proposed Deadlines |
|---|---|
| Deadline for pre-trial meet and confer | July 17, 2025 |
| Pre-trial filings due | July 31, 2025 |
| Pre-trial conference | September 11, 2025 |
| First day of trial | September 22, 2025 |

**17. Trial**

Plaintiffs and Defendant agree that claims brought under the FTCA are tried by the Court. Plaintiffs and Defendant set forth their proposals regarding pre-trial and trial scheduling under Section 16.

**18. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is unaware of any non-party interested entities or persons.

Defendant is exempt from this requirement as a federal government entity.

**19. Professional Conduct**

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

//

//

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

Dated: May 9, 2023

LAW OFFICE OF JULIANNA RIVERA

By: _____/s/ Julianna Rivera_____
Julianna Rivera Maul

NORTHWEST IMMIGRANT RIGHTS PROJECT

By: _____/s/ Matt Adams_____
Matt Adams
Aaron Korthuis

Counsel for Plaintiffs

Dated: May 9, 2023

Respectfully submitted,

ISMAIL RAMSEY
United States Attorney

 /s/ Kenneth W. Brakebill[1]
Kenneth Brakebill
Kelsey J. Helland
Assistant United States Attorneys

Counsel for the United States of America

---

[1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

1   **[PROPOSED] ORDER**

2   Pursuant to Stipulation, and good cause appearing, IT IS SO ORDERED that the above JOINT
3   CASE MANAGEMENT STATEMENT and the below discovery and dispositive motion schedule is
4   approved as the Case Management Order for this case and all parties shall comply with its provisions.

| Event | Deadlines |
|---|---|
| Exchange of Initial Disclosures | June 9, 2023 |
| Completion of 90-day disclosure period | August 14, 2023 |
| Close of Fact Discovery (including deadline for completion of independent medical examinations of Plaintiffs) | August 16, 2024 |
| Initial Expert Disclosures | September 30, 2024 |
| Rebuttal Expert Disclosures | November 14, 2024 |
| Close of Expert Discovery | December 19, 2024 |
| Filing of Summary Judgment Motions | January 23, 2025 |
| Filing of Summary Judgment Oppositions | February 25 , 2025 |
| Filing of Replies in Support of Summary Judgment Motions | March 25, 2025 |
| Hearing on Summary Judgment Motions | April 17, 2025 |

IT ALSO IS SO ORDERED that the above JOINT CASE MANAGEMENT STATEMENT and the below pre-trial and trial schedule is approved as the Case Management Order for this case and all parties shall comply with its provisions.

| Event | Deadlines |
|---|---|
| Deadline for pre-trial meet and confer | July 17, 2025 |

[PROPOSED] ORDER
4:22-cv-05183-KAW

1

| Pre-trial filings due | July 31, 2025 |
|---|---|
| Pre-trial conference | September 11, 2025 |
| First day of trial | September 22, 2025 |

DATED: _____

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge