UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R.G., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 4:22-cv-05183-KAW <br><br> **ORDER GRANTING MOTION TO APPROVE SETTLEMENT INVOLVING CLAIMS OF A MINOR** <br><br> Re: Dkt. No. 64 |

M.A.R., a minor child, and her mother, J.R.G., filed an action against the United States under the Federal Tort Claims Act ("FTCA"), seeking damages for the harms they suffered as a result of the federal government's family separation policy when they entered the country in 2018.

On May 2, 2024, Plaintiffs filed a motion to approve a settlement involving the claims of a minor. (Pl.'s Mot., Dkt. No. 64.) On May 9, 2024, Defendant filed a statement of non-opposition. (Dkt. No. 68.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the filings and the relevant legal authority, the Court GRANTS the motion to approve.

## I. BACKGROUND

Plaintiff M.A.R. was eight years old when she fled El Salvador with her mother, J.R.G., to seek refuge in the United States. (Compl., Dkt. No. 1 ¶ 17.) On May 20, 2018, they entered the United States near El Paso, Texas. (Compl. ¶ 18.) Shortly after they crossed the border, they were apprehended by U.S. Customs and Border Protection officers, and they were ultimately separated pursuant to the Zero Tolerance Policy, which was allegedly devised to deter Central American asylum seekers at the border through systematic family separation. (Compl. ¶¶ 18-20, 36-39.)

1  Under that policy, immigration officials would refer the parent for federal criminal prosecution
2  and designate the child as an "unaccompanied minor," and place the child in Department of Health
3  and Human Services' Office of Refugee Resettlement ("ORR") custody. (Compl. ¶¶ 44, 65-66.)
4  After they were separated, M.A.R. did not see her mother again for over ten months, as her mother
5  remained in immigration detention even after ORR released M.A.R. to her father. (Compl. ¶¶ 25,
6  68, 73.)  As was the case in many of these criminal prosecutions, J.R.G. was sentenced to no jail
7  time. (Compl. ¶ 41.)  M.A.R. has suffered lasting emotional harm due to the separation from her
8  mother. (Compl. ¶¶ 70-76, 84.)

9  On September 12, 2022, Plaintiffs filed this lawsuit pursuant to the FTCA.  In April 2024,
10 the parties reached a proposed settlement for $300,000. (Proposed Settlement Agreement, Dkt.
11 No. 64-1 ¶ 3.)  Under the proposed settlement, each Plaintiff will receive $150,000, minus $37,500
12 (25%) for attorneys' fees. *Id.*; *see also* Decl. of Julianna Rivera Maul, "Maul Decl.," Dkt. No. 64-2
13 ¶¶ 7, 11.  Counsel will deposit M.A.R.'s remaining $112,500 balance into an interest-bearing,
14 federally insured blocked account at Chase Bank, which M.A.R. will be entitled to receive once
15 she reaches 18 years of age. (Maul Decl. ¶ 12.)

## II.   LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "[T]his special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation omitted).  Thus, the district court considers whether the settlement, including any net recovery, "is fair and reasonable as to each minor plaintiff." *Id.* at 1182.

## III.  DISCUSSION

The Court finds that the proposed settlement is fair and reasonable.  Plaintiff's counsel explains that the settlement total is higher than settlement amounts for actively litigated claims for similarly situated plaintiffs separated at the southern border. (Maul Decl. ¶¶ 8.)  Counsel further explained that settlement is in M.A.R.'s best interest because it will avoid further litigation that would require her and J.R.G. to relive their separation and retraumatize them both. (Maul Decl. ¶

2

9.)

The Court also finds that the settlement amount is reasonable to M.A.R., ultimately resulting in her receiving $112,500. (Maul Decl. ¶¶ 7, 12.) This is exclusive of attorney's fees and costs; the Court further notes that Plaintiffs' counsel's fee is 25% of the gross settlement per their fee agreement, and counsel is not seeking to recover any additional costs. (Maul Decl. ¶ 11.) Additionally, the settlement requires that M.A.R.'s funds be deposited into a blocked bank account in her name, and she will receive those funds when she turns 18 years old. (Maul Decl. ¶ 12.)

Thus, considering the circumstances and the amount of recovery, the Court concludes that the settlement reflects a fair and reasonable compromise intended for M.A.R.'s benefit.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that the settlement is fair and reasonable, and GRANTS the motion to approve the settlement involving claims of a minor as follows:

(a) Plaintiff J.R.G. is hereby authorized to sign the final settlement agreement on behalf of her child, M.A.R.;

(b) Defendant will deposit the total settlement amount agreed upon of $300,000, in Counsel for Plaintiffs, The Law Office of Julianna Rivera P.C.'s IOLTA account;

(c) Each Plaintiff is entitled to half of the settlement amount, $150,000, less the attorneys' fee of $37,500;

(d) For Plaintiff M.A.R., The Law Office of Julianna Rivera, P.C. is directed to deposit $112,500.00, in a blocked account in Plaintiff M.A.R.'s name with the Chase Bank; and

(e) On her eighteenth birthday, M.A.R. is entitled to withdraw any and all funds from her account as she desires, including any and all interest that accrued to the account.

Finally, the Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: July 9, 2024

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge